**GARABRANDT, Plaintiff, v. GARABRANDT, Defendant.**

Common Pleas Court, Tuscarawas County.

No. 29859. Decided May 29, 1953.

A. Limbach, New Philadelphia, for complainants, John Jerome and Neva Jerome.

Danny D. Johnson, New Philadelphia, for plaintiff-father.

## OPINION

By HARE, J.

This case came before this Court upon a complaint filed by John and Neva Jerome, husband and wife, against Elmer D. Garabrandt, father of the minor child, Sharon Jean, aged six years, in the interest of said child. This complaint sets forth certain reasons why the custody of said child should not be taken from said complainants by the father; further, urging the Court to curtail the influence of Sally Hootman Garabrandt, the second wife of Elmer D. Garabrandt, over said child, and for the Court to investigate and reconsider the award of custody of the child and to punish the father for fraud upon the Court in changing its custody without the consent of the Court.

The attorney, A. Limbach, representing said complainants, acts as their attorney and self-styled amicus curiae of the Court.

To this complaint, Danny D. Johnson, as attorney for the plaintiff, Elmer D. Garabrandt, filed a motion to strike said complaint from the files, but later withdrew it. However, he then filed a demurrer to this complaint. The Court did not during said hearing nor now, deem it necessary to pass upon the demurrer.

The Court permitted the complainants to proceed and introduce evidence over the objection of Elmer D. Garabrandt, and no cross-examination was had of witnesses of the complainants. The said Elmer D. Garabrandt firmly stood upon the demurrer throughout the hearing.

### (Findings of Fact)

The record discloses that the father of Sharon Jean, aged six years at the time of this hearing:

1. Has been for a number of years and is now a steady worker with good employment and possessed with more than ample means to support and educate his daughter. He offered the Jeromes money for support of his daughter and the Jeromes refused it.

2. That the father is in no sense a depraved person or one addicted to the excessive use of intoxicants or the user of habit forming drugs, or is a gambler or possessed of vicious habits which would affect the proper parental care of said child. In fact the record is entirely silent as to such matters.

3. This child never has been and is not now a dependent child under the juvenile law.

4. There are no facts or circumstances adduced by the evidence to show that the father is unfit and unsuitable or that his home is such to adversely affect his parental and paramount right to retain the custody of his child, which he took last April from the complainants where he had placed said child on or about July, 1950. In fact the child was taken from the Lacey home, the parents of Mrs. Jerome.

5. The only evidence of record of unfitness is against Elizabeth Garabrandt, the mother of this child, first wife of the child's father from whom the father secured a divorce upon December 12, 1950, upon the ground of adultery and who has not been near the child to show it any affection for a number of years, and whose residence is now and ever since said divorce has been unknown.

6. There is some evidence against Sally Hootman Garabrandt, present wife of Elmer D. Garabrandt whom he married upon May 3rd, 1952, it being her first marriage, said evidence being to the effect that when she was a child she was pronounced by the Juvenile Court a delinquent child. However, there is no evidence of record in this case since her said marriage or since said pronouncement of the Juvenile Court brought to the attention of this Court which affects her moral standing or reputation, so as to render her morally unfit to be in the same home as this child of which the father has present custody.

7. The moral fitness and the question of suitableness of the home of the complainants is not in issue, as it is conceded they are fine people and have a good home and have exerted a fine influence over said child.

### (Law)

The issue in this case goes solely to the general fitness of the

father and his home to retain the custody of his child, awarded him on December 12, 1950, in the divorce proceedings.

The issue is not whether the Jeromes, who never adopted this child and who are not related to it, can give it a better home and can rear said child in more wealthy surroundings. If such were the case, many parents would not be secure in the custody and possession of their own children.

This is a most heart-rending decision to make, but the legislature enacts the law and the Court is to construe and interpret the law as to its meaning when applied to the evidence. The law, when applied to a particular case often seems to work a hardship and a Court often wishes the law were otherwise. The Court cannot rewrite the law when there exists plain statutory law applicable to the case.

There are a few citations of decisions by the Courts in which the Ohio Statute §8005-4 GC, analogous to the former §8033 GC, applicable to this instant case has been construed, and to which attention is now directed.

### (Citations of Law)

The case of **Schwalenberg, Appellee, v. Schwalenberg, Appellant, 65 Oh Ap p. 217** (1940), holds that "the burden of proof is upon the one (parent) seeking modification of a decree awarding custody of a child at the child's election (to the other parent) to show depravity, habitual drunkenness or incapacity of such (other) parent." (Citing **Slates v. Slates, 15 Abs, page 572.**)

Schultz v. Schultz, 18 O. C. C. (N. S.) 402, 33 O. C. D. 120, citing §8033 GC, entitled, Court to determine custody of child: "Other things being equal, the custody of a little girl of tender years should be awarded to her mother, but where the mother shows little affection for the child she will be given to the father."

In the matter of Robert Lutkehaus (Hamilton Co., Ohio) 22 Ohio N. P. (N. S.) page 120 (decided July 22, 1919): "The welfare of the child is not the sole determining factor where the right of its father to its custody has been challenged; and in the absence of a showing of unfitness of the father or of inability on his part to provide a suitable home for the child, he will be awarded its custody over the claims of the maternal grandmother, with whom it has been living for some time and whose affection for and ability to give the child a good home are not questioned."

**Luebkeman v. Luebkeman, 75 Oh Ap 566** (decided Feb. 1st, 1945—Montgomery County, Ohio): "A court of competent jurisdiction may **not** award the custody of children to any other person than their parents unless a finding is made of the

unfitness of the parents to have their children's care, custody and control as provided by §8033 GC."

Ludy v. Ludy, 84 Oh Ap 195 (decided October 6, 1948— Franklin County, Ohio): "Syl. 3—Under the provisions of §8033 GC where the record fails to show certification to the Juvenile Court as provided by law, the Common Pleas Court retains continuing jurisdiction over the custody of such child.

"Syl. 5—Under the provisions of §8033 GC, as amended, effective Jan. 1st, 1946, there is no express provision giving the court authority to grant the care, custody and control to some person other than the parent of the child.

"Syl. 6—Under general law the Court has no authority to give custody of a child to a **third person unless** and **until** it makes a finding that the parents of the child are unsuitable.

"Syl. 7—The welfare of the child is considered **when** the question of custody of such child arises **between the parents** who stand on an equality, or when the parents are found to be **unfit** and the court is required to grant custody to a third person."

Sec. 8005-4 GC Custody effective 8/28/51 analogous to former §8033 GC; part applicable here:

"If the Court finds, with respect to any child under eighteen years of age, that neither parent is a suitable person to have custody it may commit the child to a **relative** of the child or certify a copy of its findings, together with so much of the record and such further information, in narrative form or otherwise, as it deems necessary or as the Juvenile Court may request, to the Juvenile Court further proceedings, and thereupon the Juvenile Court shall have exclusive jurisdiction. This section shall apply to pending actions."

**Comment** under this section: "This section is substantially the same as the former §8033 GC, except that it now permits the court to commit the child to a **relative** of the child in the event neither parent is a suitable person to have custody."

(Conclusion)

The Court has reached the conclusion in its findings of fact and the law, that the father, Elmer D. Garabrandt, retains the custody and possession of his child as against the non-relative complainants, until further order of this Court, and this Court continues to retain jurisdiction herein.